E-FILED on   10/10/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| KINH TONG,<br><br>            Plaintiff,<br><br>     v.<br><br>CAPITAL MANAGEMENT SERVICES GROUP, INC., f/k/a CAPITAL MANAGEMENT SERVICES, INC., a New York Corporation,<br><br>            Defendant. | Case No. C-07-01026 RMW (HRL)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>[Re  Docket No. 31] |

Defendant Capital Management Services Group ("CMS") moves for judgment on the pleadings on the grounds that plaintiff Kinh Tong's complaint (1) fails to state a claim under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (2) fails to state a claim under the Rosenthal Fair Debt Collection Practice Act ("RFDCPA").  The court has reviewed the papers and considered the arguments of counsel.  For the reasons discussed below, the court DENIES CMS's motion.

## I. BACKGROUND

On a date or dates unknown to plaintiff, plaintiff incurred a financial obligation, on a consumer credit card account issued by Chase Bank ("the debt").[1] Compl. ¶ 8. Sometime thereafter, the debt was transferred to CMS for collection from plaintiff. Compl. ¶ 9. In connection with this debt, CMS mailed a first collection letter dated May 6, 2006, and a second letter dated June 6, 2006, directly to plaintiff. Compl. ¶ 10-18. On Sunday, July 16, 2006 at 9:00 p.m. Eastern Time, plaintiff's counsel, Fred W. Schwinn ("Schwinn") of the Consumer Law Center, Inc., sent a letter to CMS via facsimile. This fax referenced the name Ann Tong, and stated in relevant part:

> Please be advised that the consumer debtor in the matter referenced above has retained services of the Consumer Law Center, Inc., to assist in the matter of debt relief. The purpose of this letter is two-fold. First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY AN ATTORNEY**. As a result of this notice, and pursuant to Section 1692(b)(6) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Compl. ¶ 19. Attached to this July 16, 2006 faxed letter was the June 6, 2006 collection dunning letter that CMS had sent to plaintiff. Compl. ¶ 6, Ex. 3.

Plaintiff alleges that CMS mailed a third collection letter, dated Friday, July 21, 2006, directly to plaintiff after CMS had received the above fax. Compl. ¶ 21-25. However, CMS argues that since the fax only advised that Schwinn represents Ann Tong, it was not sufficient to put CMS on notice that plaintiff Kinh Tong was represented by an attorney. Mot. at 7.

## II. ANALYSIS

CMS moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). CMS asserts that because Ann Tong is not the plaintiff herein, plaintiff does not have a cause of action merely because CMS sent the third letter directly to him.

---

[1] For purposes of this motion, the parties do not appear to dispute that plaintiff's financial obligation constitutes a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

#### A. Legal Standard

Judgment on the pleadings is proper when "taking all the allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).  Under a Rule 12(c) motion for judgment on the pleadings, the court must assume the truthfulness of the material allegations in the complaint.  Moreover, all inferences reasonably drawn from these facts must be construed in favor of the responding party. *Gen. Conference Corp. of the Seventh-Day Adventist Congregational Church v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (hereinafter "Seventh-Day Adventist").  Thus, a Rule 12(c) judgment will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999).

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. *Johnson v. Riddle,* 305 F.3d 1107, 1107 (10th Cir. 2002).

#### B. Plaintiff Sufficiently Alleges A Cause of Action under the FDCPA

Plaintiff alleges that CMS violated 15 U.S.C. § 1692c(a)(2) by communicating with him after being advised that he was represented by counsel.  CMS argues that plaintiff cannot establish a cause of action under 15 U.S.C. § 1692c(a)(2), because Schwinn's fax, which arrived on Sunday evening July 16, 2006 at 9:00 p.m. Eastern Time, only explained that "a wholly separate person –Ann Tong was represented by an attorney."  Mot. at 6.  CMS argues that this fax not only failed to give notice that Kinh Tong was represented by counsel, but was also sent so that it would arrive when CMS was closed and unable to process it.  Mot. at 6.

15 U.S.C. § 1692c(a)(2) states:

> [A] debt collector may not communicate with a consumer in connection with the collection of any debt . . .

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . .[2]

At least one federal court has held that a debt collector, by contacting debtor by mail five days after learning that she was being represented by attorney, clearly violated the FDCPA. *Herbert v. Monterey Financial Services, Inc.,* 863 F. Supp. 76 (D. Conn. 1994). The remaining issue, therefore, is whether the July 16, 2006 faxed letter from Schwinn notified CMS that plaintiff was represented by counsel.

CMS contends that it is the duty of consumer's attorney to put the debt collector on notice, and cites several cases to support its argument that CMS did not violate the FDCPA by communicating directly with plaintiff in this case. Mot. at 6-7 (citing *Udell v. Kansas Counselors, Inc.,* 313 F. Supp. 2d 1135 (D. Kan. 2004); *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991)). However, the court finds the facts of these cases to be distinguishable. In *Udell v. Kansas Counselors, Inc.,* 313 F. Supp. 2d 1135 (D. Kan. 2004) and *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991), new debts or multiple debts were assigned to debt collector, which involved different balance and account numbers. The courts interpreted the statutory language of 15 U.S.C. § 1692c(a)(2) "with respect to such debt," and reasoned that this language does not require a debt collector to assume that notification that an attorney is representing a client as to one specific debt indicates that the attorney represents that consumer with respect to all the debts owed by consumer. *Udell,* 313 F. Supp. 2d at 1144-1145. By contrast, in the present case, only one debt is at issue and Schwinn's letter specifically identified the debt by including the account number and billing address. Schwinn's July 16, 2006 letter also included a copy of the second collection dunning letter mailed to Kinh Tong by CMS.

Although it is true that Kinh Tong's first name is not in the face of the representation letter faxed by Schwinn, the letter and its attachment contained enough information to provide CMS notice that plaintiff was represented. The representation letter includes plaintiff's address and

---

[2] The parties do not dispute that CMS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and plaintiff is a "debtor" within the meaning of 15 U.S.C. § 1692a(3).

account number. Also, the attached collection dunning letter includes plaintiff's full name, account number, account balance and address. These information should be sufficient to put CMS on notice that plaintiff was the subject of the representation letter.[3]

CMS never denies receiving Schwinn's representation letter, notwithstanding the fact that the fax was sent outside of normal business hours. But even assuming CMS contests whether it ever received the fax on July 16, 2006, this presents a factual question. Defendant is generally not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support discovery. *Seventh-Day Adventists,* 887 F.2d at 230; *see also Wager v. Pro,* 575 F.2d 882, 884 (D.C. Cir. 1976) (a judgment on the pleadings is not proper where the complaint alleges facts which, if proved, would permit recovery). Accordingly, the court concludes that plaintiff has sufficiently alleged a claim under 15 U.S.C. § 1692c(a)(2) against CMS in his complaint, and that CMS is not entitled to judgment as to that claim on the pleadings.

### C. Plaintiff Sufficiently Alleges A Cause of Action under the RFDCPA

A violation of the FDCPA is also a violation of the RFDCPA. *Alkan v. Citimortgage, Inc.,* 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004) (Whyte J.). Therefore, for the same reasons set forth above, the court concludes that plaintiff sufficiently alleges the second cause of action against CMS under the RFDCPA, Cal. Civ. Code § 1788.14(c) and 1788.17.

### III.  ORDER

For the foregoing reasons, the court DENIES defendant's motion for judgment on the pleadings as to plaintiff's first and second claims.

DATED:         10/10/07

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[3] The court declines to consider the unpublished case cited by plaintiff, *Simmons v. Miller & Steeno, P.C.,* 2002 WL 31898324 (E.D. Mo. 2002). This case is not only unpublished, but the judgment entered in that case was vacated. *See* Reply at 3.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff**:
Fred W. Schwinn                              fred.schwinn@sjconsumerlaw.com

**Counsel for Defendant:**
Stephen H. Turner                            turner@lbblaw.com
Brian Slome                                  bslome@lbblaw.com

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Date:**  10/10/07                          /s/ MAG
                                             **Chambers of Judge Whyte**