**United States District Court**
For the Northern District of California

**E-FILED on** 1/18/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KINH TONG,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL MANAGEMENT SERVICES GROUP, INC., f/k/a CAPITAL MANAGEMENT SERVICES, INC.,<br><br>        Defendant. | No. C-07-01026 RMW<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS<br><br>**[Re Docket No. 49]** |

    Plaintiff seeks an award of attorney's fees and costs pursuant to the Joint Stipulation Re: Settlement and Order entered in this action under the Fair Debt Collection Act, 15 U.S.C. §§ 1692 et seq. and the Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §§ 1788 *et seq.*). The court hereby awards attorney's fees of $4,500 plus costs of $401.07.

    This case involved a technical violation of the debt collection statutes by defendant. The violation appears to have resulted, however, at least in part, by plaintiff's counsel failure to expressly identify his client. Defendant Capital Management Services Group, Inc. apparently sent plaintiff Kinh Tong a letter in May 2006 and another in June 2006 seeking to collect an undisputed debt to Providian Bank. On Sunday, July 16, 2006 Attorney Schwinn sent a letter to defendant advising that he represented Ann Tong, referencing the account number of Kinh Tong and advising

ORDER AWARDING ATTORNEY'S FEES AND COSTS—No. C-07-01026 RMW
MAG

1 that further communication on the debt should be with him. Ann Tong is Kinh Tong's wife. On July
2 21, 2006, defendant apparently sent a third collection letter directly to plaintiff Kinh Tong. The
3 sending of this third letter is the basis of plaintiff's claim. There is no contention that the content of
4 any of these letters was abusive.

5       On February 20, 2007, plaintiff Kinh Tong filed a complaint against defendant based solely
6 on the allegation that "defendant continued to communicate directly with Plaintiff regarding the
7 collection of the debt owed to Chase Bank USA, N.A., after it knew that plaintiff was represented by
8 an attorney with respect to the debt." Compl. ¶¶ 31, 39. On December 14, 2007, the court entered
9 the parties' stipulated settlement, awarding Tong $1,500 "plus those reasonable attorney's fees and
10 costs provided for under [the FDCPA and RFDCPA]." Plaintiff's counsel, Fred Schwinn, now
11 moves for attorney's fees of $16,967.50 and costs and expenses in the amount of $401.07 for a total
12 recovery of $17,368.57. Plaintiff opposes this motion.

13       The court finds the fee request unreasonable for several reasons: (1) the dispute was a
14 relatively simple one and the lawsuit filed could at best result in a modest recovery and could have
15 resulted in a defense verdict; (2) although defendant probably should have realized that Schwinn
16 represented, or at least might represent Kinh Tong, Schwinn did not expressly advise defendant and
17 it, in good faith, may not have not realized that Schwinn represented Kinh Tong; and (3) the dispute
18 appears not to have settled early because of counsel's desire for more fees rather than any concern
19 about the adequacy of the recovery available for his client.

20       In the court's view, a reasonable attorney could have accomplished the results plaintiff's
21 counsel ultimately did in far less time than plaintiff's counsel took. This case was neither novel nor
22 complex and should not have required plaintiff's counsel to expend 65.5 hours of attorney and law
23 clerk time to reach a settlement, particularly in light of Schwinn's experience with this type of case.
24 The court does not quarrel with Schwinn's billing rate of $300 per hour based upon his experience in
25 fair debt collection cases, nor does the court find law clerk time at $125 per hour unreasonable.
26 However, given the relatively simple nature of the case, most of the work could have been delegated
27 to the law clerk. The court believes that even if defense counsel was difficult, plaintiff's counsel,
28 with a focus on reasonableness, could have resolved the case with no more than ten hours of work

ORDER AWARDING ATTORNEY'S FEES AND COSTS—No. C-07-01026 RMW
MAG     2

by Schwinn and twelve hours by the law clerk. *See, e.g., Savino v. Computer Credit Inc.*, 71 F. Supp. 2d 173, 177 (E.D.N.Y. 1999) (finding in a similarly simple case involving a single letter and its compliance with the statutory requirements of the FDCPA that "a reasonable attorney could have accomplished the same result by investing roughly 20 hours of work"). Motion practice probably would have been avoided if efforts had been placed on settlement discussions. It is also possible that the lawsuit could have been avoided altogether if Schwinn had expressly identified Kinh Tong as his client. However, in light of the stipulation of settlement, the court will treat plaintiff as the prevailing party.

The court has also considered that this case involved a technical or *de minimis* violation of the FDCPA. "For *de minimis* or technical violations, some courts refuse to award statutory damages." *Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989, 994 (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (determining that the nature of defendant's noncompliance did not warrant statutory damages)); *Fasten v. Zager*, 49 F. Supp. 2d 144, 150 (E.D.N.Y. 1999) (holding the defendant's noncompliance was minor and plaintiff was not entitled to statutory damages).

There appears to have been no attempt to settle the case prior to the filing of the complaint and the initial discussions resulted in plaintiff's counsel statement: "Plaintiff will not engage in additional negotiations for the sum [$3,500] offered." The chronology of events raises the question of whether plaintiff's counsel was more interested in fees than he was with recovery for his client. From the billing records submitted by Schwinn, it appears that on or around March 27, 2007, defendant originally offered plaintiff $500 to settle the case. This offer was rejected, and plaintiff counter-offered to settle for $3,500. Defendant rejected this offer and, on March 28, 2007, filed its answer. On April 4, 2007, Tong filed a motion to strike, asserting that defendants had failed to specify their bona fide error defense against Tong's claim. The court denied this motion on June 6, 2007. On or around April 20, 2007, after plaintiff filed his motion to strike, defendant offered $2,000 to settle, inclusive of attorney's fees and costs. Plaintiff counter-offered with $3,000, but insisted upon receiving defendant's collection logs as a precondition.

At the end of May, prior to filing a motion for judgment on the pleading in August 2007, defendant offered $4,000 inclusive of attorney's fees and costs to settle which plaintiff rejected on June 15, 2007, counter-offering to settle for $7,000. Finally, plaintiff's counsel sent an email on or around August 14, 2007, offering to settle for $1,000 plus reasonable attorney's fees and costs to be awarded by the court. If that offer had been made at the beginning of the litigation, it is hard to believe the case would not have resolved.

The parties agreed to a settlement on October 22, 2007 for $1,500 plus reasonable attorney's fees and costs to be awarded by the court. They then could not agree on costs and attorney's fees. Plaintiff filed the instant motion for attorney's fees on December 13, 2007.

The court awards $4,500 for fees (10 x $300 (Schwinn) and 8 x $125 (law clerk)). The reduction of hours from those requested is based upon the court's judgment of what hours would have been necessary to expend to resolve the case if counsel had reasonably focused on that agenda. The court questions whether it should award fees at all given the facts of the case and the technical violation involved. However, on balance, it has decided to do so. Plaintiff is also awarded costs in the amount of $401.07, an amount which defendant does not appear to oppose.

DATED: 1/18/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER AWARDING ATTORNEY'S FEES AND COSTS—No. C-07-01026 RMW
MAG                                                                                               4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Frederick William Schwinn    fred.schwinn@sjconsumerlaw.com

**Counsel for Defendants:**

Corinne de Rama Deveza    deveza@lbbslaw.com
Stephen H. Turner    turners@cmtlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    1/18/08                                            /s/ MAG
                                                        **Chambers of Judge Whyte**